# LORAIN COUNTY COURT OF COMMON PLEAS
## LORAIN COUNTY JUSTICE CENTER
## 225 COURT STREET
## ELYRIA, OHIO  44035

MICHAEL MAHONEY                                    CASE NO. 21CV202728
35904 LAUREL CIRCLE
NORTH RIDGEVILLE, OH  44039

VS.

TO:   AVIVA METALS INC
      5311 WEST RIVER RD
      LORAIN, OH  44055

# SUMMONS ON COMPLAINT

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

MICHAEL MAHONEY
35904 LAUREL CIRCLE
NORTH RIDGEVILLE, OH  44039

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

BRIAN D SPITZ
SPITZ LAW FIRM LLC
25200 CHAGRIN BLVD. STE. 200
BEACHWOOD, OH  44122

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it.   Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

*TOM ORLANDO*
**CLERK OF COURTS OF COMMON PLEAS**
**LORAIN COUNTY, OHIO**

2/12/2021

BY: _____
        **Deputy Clerk**

# *21CV202728*

**EXHIBIT A**

## LORAIN COUNTY COURT OF COMMON PLEAS
### LORAIN COUNTY JUSTICE CENTER
### 225 COURT STREET
### ELYRIA, OHIO  44035

MICHAEL MAHONEY
35904 LAUREL CIRCLE
NORTH RIDGEVILLE, OH  44039

CASE NO. 21CV202728

VS.

TO:  TIM  MESSERS
C/O AVIVA METALS INC
5311 WEST RIVER RD
LORAIN, OH  44055

## S U M M O N S   O N   C O M P L A I N T

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

MICHAEL MAHONEY
35904 LAUREL CIRCLE
NORTH RIDGEVILLE, OH  44039

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

BRIAN D SPITZ
SPITZ LAW FIRM LLC
25200 CHAGRIN BLVD. STE. 200
BEACHWOOD, OH  44122

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it.   Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

*TOM ORLANDO*
**CLERK OF COURTS OF COMMON PLEAS**
**LORAIN COUNTY, OHIO**

**2/12/2021**

BY: _M. Maihus_

**Deputy Clerk**

## *21CV202728*

## LORAIN COUNTY COURT OF COMMON PLEAS
### LORAIN COUNTY JUSTICE CENTER
### 225 COURT STREET
### ELYRIA, OHIO  44035

MICHAEL MAHONEY                                          CASE NO. 21CV202728
35904 LAUREL CIRCLE
NORTH RIDGEVILLE, OH  44039

      VS.

TO:    DAVE  SWINDELL
       C/O AVIVA METALS INC
       5311 WEST RIVER RD
       LORAIN, OH  44055

# S U M M O N S   O N   C O M P L A I N T

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

MICHAEL MAHONEY
35904 LAUREL CIRCLE
NORTH RIDGEVILLE, OH  44039

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

BRIAN D SPITZ
SPITZ LAW FIRM LLC
25200 CHAGRIN BLVD. STE. 200
BEACHWOOD, OH 44122

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it.   Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

                         *TOM ORLANDO*
                         **CLERK OF COURTS OF COMMON PLEAS**
                         **LORAIN COUNTY, OHIO**

**2/12/2021**                  **BY:** _____
                             **Deputy Clerk**

# *21CV202728*

## LORAIN COUNTY COURT OF COMMON PLEAS
LORAIN COUNTY JUSTICE CENTER
225 COURT STREET
ELYRIA, OHIO  44035

MICHAEL MAHONEY                                    CASE NO. 21CV202728
35904 LAUREL CIRCLE
NORTH RIDGEVILLE, OH  44039

VS.

TO:  SCOTT  STAMPCO
     C/O AVIVA METALS INC
     5311 WEST RIVER RD
     LORAIN, OH  44055

# SUMMONS ON COMPLAINT

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

MICHAEL MAHONEY
35904 LAUREL CIRCLE
NORTH RIDGEVILLE, OH  44039

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

BRIAN D SPITZ
SPITZ LAW FIRM LLC
25200 CHAGRIN BLVD. STE. 200
BEACHWOOD, OH  44122

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it.   Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

*TOM ORLANDO*
**CLERK OF COURTS OF COMMON PLEAS**
**LORAIN COUNTY, OHIO**

2/12/2021

BY: _M. Mathis_
     **Deputy Clerk**

# *21CV202728*

FILED
IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO
2021 FEB 10 AM 2 58
COURT OF COMMON PLEAS
TOM ORLANDO

**21 CV 202728**

JUDGE:

JUDGE JOHN R. MIRALDI

MICHAEL MAHONEY
35904 Laurel Circle
North Ridgeville, Ohio 44039

              Plaintiff,

           v.

AVIVA METALS, INC.
5311 West River Road
Lorain, Ohio 44055

    **Serve also:**
    MICHAEL J. GREATHEAD,
    Statutory Agent
    5311 West River Road
    Lorain, Ohio 44055

    -and-

TIM MESSERS
c/o AVIVA METALS, INC.
5311 West River Road
Lorain, Ohio 44055

    -and-

DAVE SWINDELL
c/o AVIVA METALS, INC.
5311 West River Road
Lorain, Ohio 44055

    -and-

SCOTT STAMPCO
c/o AVIVA METALS, INC.
5311 West River Road
Lorain, Ohio 44055

              Defendants.

CASE NO.

**COMPLAINT FOR DAMAGES
AND REINSTATEMENT**

**JURY DEMAND ENDORSED
HEREIN**

Plaintiff, Michael Mahoney, by and through undersigned counsel, as his Complaint against

the Defendants, states and avers the following:

The Employee's Attorney.™

**EXHIBIT A**

## PARTIES AND VENUE

1. Mahoney is a resident of the city of North Ridgeville, county of Lorain, state of Ohio.

2. Aviva is a foreign corporation with its principal place of business in Ohio located at 5311 West River Road, Lorain, Ohio 44055.

3. Tim Messers is a resident of the state of Ohio.

4. Messers was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Aviva who acted directly or indirectly in the interest of Aviva.

5. Messers was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

6. Dave Swindell is a resident of the state of Ohio.

7. Swindell was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Aviva who acted directly or indirectly in the interest of Aviva.

8. Swindell was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

9. Scott Stampco is a resident of the state of Ohio.

10. Stampco was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Aviva who acted directly or indirectly in the interest of Aviva.

11. Stampco was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

12. All of the material events alleged in this Complaint occurred in Lorain County.

13. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1) and (4).

14. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).



**EXHIBIT A**

15. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

16. Within 300 days of the conduct alleged below, Mahoney filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-00950 against Aviva, operating at 5311 West River Road, Lorain, Ohio 44055.

17. Plaintiff will amend this complaint to include federal claims once the EEOC issues Mahoney his Right to Sue Letter.

## FACTS

18. Mahoney is a former employee of Aviva.

19. Mahoney began working for Aviva on or around November 6, 2017.

20. Mahoney began working for Aviva as a furnace operator.

21. While working for Aviva, Aviva did not provide Mahoney with an Employee Handbook.

22. In or around January 2019, Mahoney began to experience symptoms of a seizure disorder.

23. On or around January 27, 2019, Mahoney passed out while working at Aviva.

24. After Mahoney passed out at work on January 27, 2019, Mahoney sought medical treatment.

25. On or around January 27, 2019, after Mahoney sought medical treatment from passing out at work, Mahoney was diagnosed with a psychogenetic seizure disorder.

26. As a result of suffering from a seizure disorder, Mahoney is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

27. In the alternative, Messers perceived Mahoney as being disabled.

28. In the alternative, Messers perceived that Mahoney's medical condition constituted a physical impairment.

The Employee's Attorney.™

3



EXHIBIT A

29. In the alternative, Messers perceived Mahoney's disability to substantially impair one or more of his major life activities, including working.

30. Despite this actual or perceived disabling condition, Mahoney was still able to perform the essential functions of his job.

31. Mahoney began using leave under the Family Medical Leave Act on or around January 27, 2019 for his seizure disorder.

32. Mahoney ended his FMLA leave on or around February 25, 2019.

33. After Mahoney returned from his FMLA leave on or around February 25, 2019, he returned to work at Aviva.

34. After Mahoney returned to work at Aviva on or around February 25, 2019, Mahoney started on light duty.

35. In or around March 2020, Aviva cleared Mahoney to return to full duty without restrictions.

36. In or around April 2020, Aviva gave Mahoney a new job order ("Dangerous Order").

37. Prior to the Dangerous Order, Mahoney would process 400-600 pounds of material per hour in the furnace.

38. The Dangerous Order required Mahoney to process 1100-1200 pounds of material per hour in the furnace.

39. Aviva failed to ensure a safe work environment for Mahoney.

40. The Dangerous Order created an unsafe work environment.

41. Aviva creating an unsafe work environment for Mahoney was an adverse employment.

42. Aviva knowingly created an unsafe work environment.

43. Aviva's failure to ensure a safe work environment is a violation of R.C. § 4101.11

The Employee's Attorney.™                           4



**EXHIBIT A**

44. R.C. § 4101.11 provides that "[e]very employer shall furnish employment which is safe for the employees engaged therein," and "[n]o employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe…"

45. Aviva's failure to ensure a safe work environment is in violation of R.C. § 4101.12.

46. R.C. § 4101.12 provides that "No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe

47. R.C. § 4101.12 further provides that "No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters."

48. R.C. § 4101.12 further provides that "No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe."

49. Aviva's failure to ensure a safe work environment is in violation of Ohio public policy as recognized by the Ohio Supreme Court: "Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted." *Pytlinski v. Brocar Prod., Inc.*, 2002-Ohio-66, 94 Ohio St. 3d 77, 80, 760 N.E.2d 385, 388 (2002)

50. On or around April 23, 2020, Mahoney complained to Tim Messer about the Dangerous Order ("Safety Complaint").

51. Messers was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Aviva who acted directly or indirectly in the interest of Aviva.



**EXHIBIT A**

52. During the Safety Complaint, Mahoney also complained to Dave Swindell about the Dangerous Order.

53. Swindell was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Aviva who acted directly or indirectly in the interest of Aviva.

54. During the Safety Complaint, Mahoney told Messer and Swindell that the way he was being told to operate the furnace was dangerous.

55. During the Safety Complaint, Mahoney told Messer and Swindell that the Dangerous Order was overly burdensome to the furnace.

56. During the Safety Complaint, Mahoney told Messer and Swindell that the Dangerous Order was overly burdensome to the Aviva's employees, including Mahoney.

57. Aviva has a policy and practice of fully investigating reports of unsafe work conditions.

58. Aviva has a policy and practice of getting written statements from all witnesses to unsafe work conditions regarding Mahoney's Safety Complaint.

59. Aviva violated their policy and practice of getting written statements from all witnesses to unsafe work conditions regarding Mahoney's Safety Complaint.

60. Aviva disregarded Mahoney's Safety Complaint and failed to take any action with respect to unsafe work conditions.

61. On or around April 23, 2020, an accident involving the furnace occurred while Mahoney was at work ("Pour Out").

62. During the Pour Out, molten metal poured out of the furnace during the cooling process.

63. Upon information and belief, the Pour Out occurred due to an equipment malfunction alongside an overloaded furnace.

64. The Pour Out occurred due to the Dangerous Order.



EXHIBIT A

65. The Pour Out caused Mahoney to become severely shaken.

66. After the immediate danger of the Pour Out subsided, Mahoney went into the locker room to regain his composure.

67. While Mahoney was in the locker room trying to regain his composure after the Pour Out, Mahoney began to recognize symptoms of an oncoming seizure.

68. After Mahoney began to recognize symptoms of an oncoming seizure, Mahoney told Scott Stampco that he was about to have a seizure.

69. After Mahoney began to recognize symptoms of an oncoming seizure, Mahoney told Scott Stampco that he needed to see a doctor immediately.

70. Stampco was at all times hereinafter mentioned, an individual who was the head of human resources at Aviva who acted directly or indirectly in the interest of Aviva.

71. Stampco initially refused to allow Mahoney to get medical attention.

72. Instead of allowing Mahoney to get medical attention after the Pour Out, Stampco told Mahoney to go speak to Messers and Swindell.

73. After Stampco initially refused to allow Mahoney to get medical attention after the Pour Out, Mahoney was forced to seek medical attention regardless.

74. After Mahoney sought out medical attention on or around April 23, 2020, his doctor gave Mahoney a note putting him off of work.

75. On April 24, 2020, Mahoney met with Swindell over the phone ("Termination Meeting").

76. During the Termination Meeting, Swindell terminated Mahoney's employment.

77. During the Termination Meeting, Swindell blamed Mahoney for the Pour Out.

78. Similarly-situated non-disabled employees were not terminated for causing situations like that of the Pour Out.



**EXHIBIT A**

79. Matt McCartney was at all times hereinafter mentioned, an individual who was an employee f Aviva.

80. In or around November 2017, McCartney caused a situation similar to the Pour Out.

81. Aviva did not terminate McCartney for causing a situation similar to the Pour Out.

82. Upon information and belief, McCartney is not disabled.

83. Upon information and belief, McCartney did not complain about unsafe working conditions at Aviva.

84. Upon information and belief, McCartney did not take FMLA leave.

85. During the Termination Meeting, Swindell told Mahoney "we consider it that you terminated yourself."

86. When Swindell told Mahoney "we consider it that you terminated yourself," Swindell was indicating that Aviva was terminating Mahoney without just cause.

87. During the Termination Meeting, Mahoney told Swindell that he did not resign.

88. During the Termination Meeting, Mahoney gave Swindell the doctor's note from April 23, 2020.

89. At the time of the Termination Meeting, Mahoney had about 8 weeks of unused FMLA leave.

90. Upon information and belief, Aviva has a progressive disciplinary policy.

91. Under the progressive disciplinary policy, Mahoney had not been given a verbal warning for the Pour Out.

92. Under the progressive disciplinary policy, Mahoney had not been given a written warning for the Pour Out.

93. Under the progressive disciplinary policy, Mahoney had not been given a final written warning for the Pour Out.



**EXHIBIT A**

94. Under the progressive disciplinary policy, Mahoney had not been given a suspension for the Pour Out.

95. Prior to terminating Mahoney, Defendants never issued any written communication criticizing the Pour Out.

96. Skipping progressive disciplinary steps for workplace accidents is an adverse employment action.

97. Skipping progressive disciplinary steps for workplace accidents is an adverse action

98. The Pour Out did not actually motivate Defendants' decision to terminate Mahoney.

99. The Pour Out was insufficient to motivate the termination of Mahoney.

100.    The Pour Out was mere pretext to terminate Mahoney.

101.    Non-disabled employees were given more favorable treatment under the progressive disciplinary system than Mahoney.

102.    Employees that did not make complaints like the Safety Complaints about the Dangerous Orders were given more favorable treatment under the progressive disciplinary system than Mahoney.

103.    On or about April 24, 2020, Aviva actually terminated Mahoney because of his disability.

104. On or about April 24, 2020, Aviva actually terminated Mahoney in retaliation for making the Safety Complaints about the Dangerous Orders.

105. On or about April 24, 2020,  Aviva actually terminated Mahoney because he complained about unsafe working conditions at Aviva.

106. On or about April 24, 2020, Aviva actually terminated Mahoney to prevent him from using his remaining FMLA leave.



**EXHIBIT A**

107. As a direct and proximate result of Defendant's conduct, Mahoney suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 *et seq.*
### (Against all Defendants.)

108. Mahoney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

109. Mahoney suffers from a psychogenic seizure disorder.

110. Mahoney is disabled.

111. In the alternative, Defendants perceived Mahoney as being disabled.

112. Mahoney's condition constituted a physical impairment.

113. Alternatively, Defendants perceived Mahoney's condition to constitute a physical impairment.

114. Mahoney's condition substantially impaired one or more of his major life activities including working.

115. Alternatively, Messers perceived Mahoney's condition to substantially impair one or more of his major life activities including working.

116. Messers treated Mahoney differently than other similarly-situated employees based on his disabling condition.

117. Messers treated Mahoney differently than other similarly-situated employees based on his perceived disabling condition.

118. On or about April 24, 2020, Defendant terminated Mahoney's employment without just cause.

119. Defendant terminated Mahoney's employment based his disability.

120. Defendant terminated Mahoney's employment based his perceived disability.

121. Defendant violated R.C. § 4112.02 when it discharged Mahoney based his disability.



**EXHIBIT A**

122. Defendant violated R.C. § 4112.02 when it discharged Mahoney based on his perceived disability.

123. Defendants violated R.C. § 4112.02 by discriminating against Mahoney based on his perceived disabling condition.

124. Mahoney suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

125. As a direct and proximate result of Defendant's conduct, Mahoney suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendant Aviva Metals, Inc only.)

126. Mahoney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

127. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he engages in protected activity under Ohio law.

128. A clear public policy exists and is manifested in R.C. § 4101.11 stating that "[e]very employer shall furnish employment which is safe for the employees engaged therein," and "[n]o employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe…"

129. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe."



EXHIBIT A

130. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters."

131. A clear public policy exists and is manifested in R.C. § 4101.12 stating that "No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe."

132. The Ohio Supreme Court recognized that Ohio allows an individual to seek a public policy claim if they are terminated in retaliation for reporting to their employer that they are forced to work in an unsafe work environment. Greeley v. Miami Valley Maintenance Contrs., Inc., (1990), 49 Ohio St.3d 228. See also Pytlinski v. Brocar Products, Inc., 94 Ohio St.3d 77 (Ohio 2011); Jenkins v. Cent. Transp., Inc., No. 09CV525, 2010 WL 420027 (N.D. Ohio Jan. 29, 2010).

133. The Ohio Supreme Court recognized a clear public policy exists and is manifested in stating: "Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted." Pytlinski v. Brocar Prod., Inc., 2002-Ohio-66, 94 Ohio St. 3d 77, 80, 760 N.E.2d 385, 388 (2002).

134. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, against terminating an employee based on his complaints of dangerous, unsafe, or illegal activity.

135. In terminating Mahoney's employment as a result of his complaints regarding the Dangerous Orders, Aviva dissuaded employees from making complaints regarding workplace safety.

136. Aviva's continued failure to remedy the Dangerous Order jeopardizes Ohio's public policy favoring workplace safety as established though Pytlinski, 94 Ohio St. 3d 77, at 80; and R.C. §§ 4101.11 & 4101.12.

The Employee's Attorney.™



EXHIBIT A

137. Aviva's discharge of Mahoney jeopardizes these public policies.

138. Aviva's discharge of Mahoney was motivated by conduct related to these public policies.

139. Aviva had no overriding business justification to discharge Mahoney.

140. As a direct and proximate result of Nichols's conduct, Mahoney has suffered and will continue to suffer damages, including economic and emotional distress damages

### COUNT III: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS
**(Against all Defendants.)**

141. Mahoney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

142. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

143. Aviva is a covered employer under the FMLA.

144. During his employment, Mahoney qualified for FMLA leave.

145. During his employment, Mahoney attempted to request FMLA leave by asking Defendants if he qualified to take FMLA leave.

146. On or around April 23, 2020, Aviva terminated Mahoney's employment.

147. At the time of his termination, Mahoney had about 8 weeks of unused FMLA leave.

148. Aviva terminated Mahoney's employment to prevent Mahoney from using his remaining FMLA leave.

149. Defendants unlawfully interfered with Mahoney's exercise of his rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

150. As a direct and proximate result of Defendants' conduct, Mahoney is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.



**EXHIBIT A**

## DEMAND FOR RELIEF

WHEREFORE, Mahoney demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Mahoney to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Mahoney for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Mahoney claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*Brian Smitz* AP (0043464)

Brian D. Spitz (0068816)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: brian.spitz@spitzlawfirm.com

*Attorneys For Plaintiff Michael Mahoney*



**EXHIBIT A**

**JURY DEMAND**

Plaintiff Michael Mahoney demands a trial by jury by the maximum number of jurors permitted.

AP (0093464)

Brian D. Spitz (0068816)

*Attorneys For Plaintiff Michael Mahoney*

EXHIBIT A